Judge Pechman

CR 02 00268 /00000005

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | NO. CR02-268P |
| v. ) | PLEA AGREEMENT |
| J & S DISTRIBUTION & TRADING, INC., ) (a corporation) ) | |
| Defendant. ) | |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Susan B. Dohrmann, Assistant United States Attorney for said District, and defendant, J & S DISTRIBUTION & TRADING, INC., by its attorney, William R. Michelman, enter the following Plea Agreement pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure.

1.  <u>The Charge, Waiver of Indictment and Right to Jury Trial</u>

The defendant, J & S DISTRIBUTION & TRADING, INC., by corporate resolution which is attached to this Plea Agreement and incorporated by reference as if fully set forth herein, having been advised of its right to have this matter presented to a federal grand jury and tried by a federal jury of its peers, agrees that it will waive those rights, and plead guilty to a single count felony Amended Information which charges it with a violation of Title 18, United States Code, Section 542, Entry of Goods by Means of False Statements, and further agrees that it will waive any and all defenses to the Amended Information.

PLEA AGREEMENT/J&S DISTRIBUTION & TRADING, INC. — 1
CR02-268P

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Defendant acknowledges and understands that the elements of the offense charged in the Information are:

On the dates charged in the Information, (1) defendant corporation did willfully and knowingly enter and introduce, and attempt to enter and introduce, imported merchandise; (2) into the commerce of the United States; (3) by means of false or fraudulent documentation.

2. The Penalties

Defendant understands that the maximum penalty that the Court may impose upon conviction for defendant J & S DISTRIBUTION & TRADING, INC., is FIVE HUNDRED THOUSAND DOLLARS ($500,000) or twice the gross pecuniary gain derived from the offense, or twice the pecuniary loss suffered by another person because of the offense, pursuant to Title 18, United States Code, Section 3571(c)(4), and (d). Additionally, defendant understands that the Court must impose a penalty assessment of ONE HUNDRED TWENTY-FIVE DOLLARS ($125) for defendant J & S DISTRIBUTION & TRADING, INC., pursuant to Title 18, United States Code, Section 3013. Defendant acknowledges that no promises of any type have been made to it in this matter except as hereinafter provided. Defendant further acknowledges that the sentence in this matter is to be decided solely by the Court.

Defendant understands that the Sentencing Guidelines promulgated by the United States Sentencing Commission are applicable to this case and that the Court may depart from the Sentencing Guidelines under some circumstances.

3. Rights Waived by Pleading Guilty.

The defendant understands and acknowledges that, by pleading guilty, the defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty, and to persist in a plea of not guilty;

    b. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

    c. The right to trial before a jury of the defendant's peers, and at that
PLEA AGREEMENT/J&S DISTRIBUTION & TRADING, INC. -- 2
CR02-268P

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101 3903
(206) 553-7970

trial, the right to the effective assistance of counsel;

    d. The right to confront and cross-examine witnesses against the defendant;

    e. The right to compel or subpoena witnesses to appear on the defendant's behalf;

    f. The right to testify or to remain silent at trial at which such silence could not be used against the defendant; and

    g. The right to appeal a finding of guilty or any pretrial rulings.

4. **Applicability of Sentencing Guidelines**

The defendant understands and acknowledges the following:

    a. That the United States Sentencing Guidelines, promulgated by the United States Sentencing Commission, are applicable to this case;

    b. That the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c. That the Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable Sentencing Guidelines range up to the maximum term authorized by law;

    d. That the Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and,

    e. The defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

5. **Ultimate Sentence**

The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

PLEA AGREEMENT/J&S DISTRIBUTION & TRADING, INC. — 3
CR02-268P

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

6. **Statement of Facts**

The parties agree on the following facts for purposes of calculating the base offense level of the Sentencing Guidelines:

Defendant J & S DISTRIBUTION & TRADING, INC. admits the following facts in support of its plea of guilty:

On September 11, 1997, defendant corporation, located at 3921 - 100th Street SW, Tacoma, Washington, imported a shipment of canned Dongwon Bai-Top Shell Fish from Korea, through a broker/agent, which entered at the Port of Los Angeles, California, utilizing Customs Entry #UY9-0017351-8. The federal Food and Drug Administration sampled the shipment and an analysis showed that the product was decomposed and therefore adulterated as defined by Title 21, United States Code. The shipment was refused entry by the FDA and exported back to Korea.

On September 30, 1998, defendant corporation entered and introduced, through a broker/agent, a second shipment of Dongwon Bai-Top Shell Fish from Seoul, Korea, into the commerce of the United States, specifically at Seattle, Washington. The Customs Entry #178-6000649-7, Customs Form 3461, Bill of Lading #HJSCPUSA815550106, Commercial Invoice #KKDI-98090, and Packing List #KKDI-98090, contained no reference to Dongwon Bai-Top Shell Fish and further indicated that the shipment was comprised of soybean milk and noodles, which was false or fraudulent. The approximate estimated value of the shipment was $5,800.

On October 8, 1998, an intensive examination was performed on this second shipment which revealed an overage of 100 cases (2,400 cans) of concealed and undeclared Bai-Top Shell Fish in excess of the manifested and invoiced cartons. Those cartons were the same above-described shipment that had been refused entry in 1997 at Long Beach, California, and exported back to Korea. A total of 3,332 cans of the Dongwon Bai-Top Shell Fish were seized by the United States Customs Service: 2,400 cans were seized on October 8, 1998, and the remaining 932 were seized on October 19, 1998, pursuant to the execution of search warrants at the Boo-Han Market (572 cans), in

PLEA AGREEMENT/J&S DISTRIBUTION & TRADING, INC. -- 4
CR02-268P

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1 Tacoma, Washington, and the offices of J & S Distribution and Trading (360 cans) in
2 Tacoma, Washington. Defendant agrees to forfeit all ~~3,322~~ 3,332 [SM] cans of the above-described
3 shell fish.

### 7. Representations by the United States and Defendant

In exchange for this plea of guilty, the United States agrees that it will not initiate additional criminal charges in the Western District of Washington against individuals employed or associated with J & S DISTRIBUTION & TRADING, INC., based on the evidence known to the government at the time of this Agreement.

Defendant understands that this Plea Agreement applies to the United States Attorney's Office for the Western District of Washington, and does not bind other federal, state, or local prosecuting authorities. It is further understood that this Plea Agreement does not prohibit the United States, any agency thereof, or any third party from initiating or pursuing any civil or administrative proceedings directly or indirectly involving the defendant.

As a condition of this Plea Agreement, defendant agrees, at such reasonable time as determined by Government counsel, to make full disclosure to the United States Probation Office of its' financial affairs, including complete disclosure of any and all documents and other information relating to past and present income and current assets, for the purpose of determining the defendant's ability to pay a fine and assuring that an accurate statement of financial affairs is made to the Court.

### 8. Corporate Fine

Pursuant to USSG Section 2T3.1 and USSG Chapter 8, Sentencing of Organizations, the parties believe that the applicable Sentencing Guideline fine range is $5,000 to $10,000. Defendant understands and acknowledges that this is an estimate only and that, based on the Presentence Report, this applicable guideline fine range may change. Defendant further understands that this estimate is not binding on either the United States Probation Office or the Court.

PLEA AGREEMENT/J&S DISTRIBUTION & TRADING, INC.   5
CR02-268P

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

9. <u>Acceptance of Responsibility</u>

If the defendant has accepted responsibility for the offense and if the defendant accepts this plea agreement and enters a plea of guilty no later than close of business, August 22, 2002, the United States will recommend an appropriate downward adjustment pursuant to USSG Section 3E1.1(a) or Section 3E1.1(b).

10. <u>Good Behavior</u>

The defendant agrees to obey all local, state, and Federal laws between the time of pleading and sentencing, and to serve any sentence imposed by the Court.

11. <u>Voluntariness of Plea</u>

The defendant acknowledges that it has entered this plea agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this plea agreement, were made to induce the defendant to enter a plea of guilty.

12. <u>Breach and Waiver</u>

The defendant understands and agrees that if it breaches the plea agreement, the defendant may be prosecuted and sentenced for all of the offenses the defendant may have committed. The defendant agrees that if it breaches this plea agreement, the United States Attorney reserves the right to take whatever steps are necessary to nullify the plea agreement, including the filing of a motion to withdraw from the plea agreement and/or to set aside the conviction and sentence. The defendant also agrees that if it is in breach of this plea agreement, the defendant is deemed to have waived objection to the reinstatement of any charges which may have previously been dismissed or which may have not been previously prosecuted. The defendant further agrees that if it is in breach of this agreement, the defendant is deemed to have also waived objection to the filing of any additional charges against it.

PLEA AGREEMENT/J&S DISTRIBUTION & TRADING, INC. --- 6
CR02-268P

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  13.  Completeness of Agreement

2  The Government and the defendant acknowledge that these terms constitute the
3  entire plea agreement between the parties.
4  DATED this _20th_ day of _August_, 2002.

                                                                              v P.
                                          _____
                                          J & S DISTRIBUTION & TRADING, INC.
                                          Defendant
                                          By:   SEUNG HAN
                                          Corporation Vice President and Secretary

                                          _____
                                          WILLIAM R. MICHELMAN
                                          Attorney for Defendant Corporation


                                          _____
                                          SUSAN B. DOHRMANN
                                          Assistant United States Attorney

PLEA AGREEMENT/J&S DISTRIBUTION & TRADING, INC. -- 7
CR02-268P

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

## CORPORATE RESOLUTION

RESOLVED that Seung H. Han, Vice President, is hereby authorized, directed and empowered for and on behalf of J & S Distribution & Trading, Inc., and in its name, to enter a plea of guilty to a charge of "Entry of Goods by Means of False Statement" in violation of Title 18, United States Code, Section 542, filed by Amended Information in United States District Court Western District of Washington, Seattle Division, under Case Number 02-268P. FURTHER, it is resolved that Seung H. Han, Vice President, is also authorized to act for and on behalf of the Company as follows:

- To have the allegations against the Company presented to a federal grand jury;
- To waive the right of the Company to be tried by a jury of its peers in regard to this matter;
- To waive any and all defenses that the Company may or might have to the Amended Information; and
- To do all other things that are reasonable and necessary to complete the foregoing acts and deeds.

Seung H. Han, Vice President, is authorized to act upon this resolution until written notice of its revocation is delivered to said vice president.

_____        _____
Boo H. Han, President                                   Seung H. Han, Secretary

I, Seung H. Han, Secretary of J & S Distribution & Trading, Inc., a Washington corporation, do hereby certify that the resolution appearing above is a full, true and correct copy of a resolution of the Board of Directors of said corporation duly and regularly passed and adopted at a meeting of the Board of Directors of said corporation which was duly and regularly called and held in all respects as required by law and by the by-laws of said corporation on the __16__ day of August, 2002, and that the signatures appearing on the above-mentioned copy of said resolutions are the genuine signatures of the persons mentioned in said resolution and authorized to act on behalf of said corporation as set forth in said resolution.

I further certify that said resolution has not been amended or revoked and is still in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand as such Secretary this __16__ day of August, 2002.

_____
Seung H. Han, Secretary